IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZAKIYA VAUGHN,

    Plaintiff,

No. CIV S-10-1160 GEB DAD PS

v.

SACRAMENTO CITY POLICE,

ORDER AND FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

    Plaintiff, proceeding pro se, commenced this civil action by filing an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and "a motion to reopen [her] previously closed court case[.]" (Compl. (Doc. No. 1) at 1.) In accordance with Federal Rule of Civil Procedure 3, which provides that "[a] civil action is commenced by filing a complaint with the court," plaintiff's motion has been deemed by the Clerk of the Court to be a complaint.

    This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

    The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes. Under 28 U.S.C. § 1915(e)(2), the court is required to

dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff seeks to "reopen" her "previously closed court case," naming the Sacramento City Police as the defendant.  (Compl. (Doc. No. 1) at 1-2.)  Plaintiff alleges that because of "events that took place on 6/14/2006 when law enforcement agencies busted into" her home, plaintiff's children suffer severe emotional injuries.  (Id. at 2.)

/////

/////

2

1    The court notes that on June 12, 2007, plaintiff filed a complaint with this court
2 naming the Sacramento City Police and other law enforcement agencies as defendants.[1]  See
3 Vaughn, et al., v. United States Government (FBI), et al., 07-cv-1119 LKK KJM.  In that
4 complaint plaintiff alleged that the defendants searched her home on June 14, 2006, and during
5 that search the defendants used racial epithets, extreme force and "tear gas."  See id., Doc. No. 2.
6 Plaintiff also alleged that her three children were home during the search and suffered emotional
7 distress as a result of defendants' actions.[2]  Id.  On September 16, 2008, the assigned District
8 Judge granted summary judgment in favor of the Sacramento City Police, finding that the
9 "paucity of plaintiffs' evidence causes the court to conclude that no reasonable jury could find in
10 their favor at trial."  See id., Doc. No. 50.  That decision was affirmed by the Ninth Circuit in a
11 memorandum decision on January 5, 2010.  See id., Doc. No. 60.
12    The doctrine of res judicata governs "[t]he preclusive effects of former litigation."
13 Hiser v. Franklin, 94 F.3d 1287, 1290 (9th Cir. 1996) (citing Migra v. Warren City School Dist.
14 Bd. Of Educ., 465 U.S. 75, 77 n. 1 (1984).  "Res judicata applies when 'the earlier suit . . . (1)
15 involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the
16 merits, and (3) involved identical parties or privies.'"  Mpoyo v. Litton ElectroOptical Systems,
17 430 F.3d 985, 987 (9th Cir. 2005) (quoting Sidhu v. Flecto Co., 279 F.3d 896, 900 (9th Cir.
18 2002)).
19 /////

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Plaintiff proceeded in her 2007 case as a named plaintiff, represented by counsel, and as guardian ad litem to her minor children who were also named plaintiffs.  See Vaughn, et al., v. United States Government (FBI), et al., 07-cv-1119 LKK KJM, Doc. No. 2.  Here, plaintiff is proceeding pro se and therefore cannot represent anyone other than herself.  See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."); Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself").

1  The court looks at four criteria to determine whether "two suits involve the same
2  claim or cause of action . . . (1) whether the two suits arise out of the same transactional nucleus
3  of facts; (2) whether rights or interests established in the prior judgment would be destroyed or
4  impaired by prosecution of the second action; (3) whether the two suits involve infringement of
5  the same right; and (4) whether substantially the same evidence is presented in the two actions."
6  Mpoyo, 430 F.3d at 987 (citing Chao v. A-One Med. Servs., Inc., 346 F.3d 908, 921 (9th Cir.
7  2003)).

8  Here, plaintiff seeks to raise the same claim against one of the same defendants
9  named in her action filed in 2007 in which summary judgment was granted in defendant's favor.
10 Here, plaintiff seeks to again proceed against the Sacramento City Police based on the events that
11 allegedly occurred on June 14, 2006, which plaintiff claims resulted in severe emotional distress
12 to her children.  The granting of summary judgment in favor of a defendant in that earlier action
13 is considered a final judgment on the merits for res judicata purposes.  Mpoyo, 430 F.3d at 988.
14 Accordingly, plaintiff's complaint is barred by the doctrine of res judicata and will be dismissed.

15 The undersigned has carefully considered whether plaintiff may amend her
16 complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to
17 amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.
18 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake
19 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that
20 while leave to amend shall be freely given, the court does not have to allow futile amendments).
21 In light of the obvious deficiency noted above, the court finds that it would be futile to grant
22 plaintiff leave to amend.

23 Accordingly, IT IS HEREBY ORDERED that plaintiff's May 11, 2010
24 application to proceed in forma pauperis (Doc. No. 2) is granted.

25 /////
26 /////

4

IT IS RECOMMENDED that:

1. Plaintiff's May 11, 2010 complaint (Doc. No. 1) be dismissed without leave to amend; and

2. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 1, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\vaughn1160.ifp.f&rs

5